UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LOCAL 2, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL-CIO, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) Case No. 4:13-CV-1299 (CEJ) |
| RESOURCE ELECTRICAL SYSTEMS, INC., et al., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for default judgment against defendants Resource Electrical Systems, Inc. (RES) and Sherman Lydell McCoy d/b/a Resource Electrical Systems, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.

The Court's record reveals that this action was filed on July 10, 2013. The summons and a copy of the complaint were served on defendant RES on July 15, 2013 and on defendant McCoy on July 22, 2013. Defendants failed to file an answer or responsive pleading. Upon plaintiff's motion, the Clerk of Court entered default against defendants on October 1, 2013. The plaintiff filed the instant motion for entry of default judgment on October 15, 2013. Defendants have not filed a response to the motion and the time for doing so has expired.

Plaintiff, a labor organization, brings this action to enforce a March 28, 2013 arbitration award against RES, an electrical contractor, and its owner and director Mr. McCoy. The complaint alleges that all parties to this action are bound by a collective bargaining agreement that includes provisions regarding the payment of wages, employee benefits, and a grievance-arbitration procedure. Plaintiff claims that on May

4, 2012, plaintiff filed a grievance against defendant RES for the benefit of a union employee, Terrell Crockett, alleging that RES "sent Mr. Crockett home and brought in an employee represented by another local union to do the work Mr. Crockett was doing contrary to an agreement on the project to work composite crews." [Doc. #1, ¶ 15]. The complaint alleges that the Labor Management Committee awarded Mr. Crockett three days of wages, in the amount of $872.64, and fringe benefits, in the amount of $508.29, which defendants have failed to pay.

Pursuant to Fed. R. Civ. P. 55, default judgment is appropriate when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise." By virtue of the default entered against it, defendant is deemed to have admitted all well-pleaded factual allegations in the complaint. See Taylor v. Ballwin, 859 F.2d 1330, 1333 (8th Cir. 1988). Thus, for the purposes of this action, it is established that defendants breached the collective bargaining agreement by failing to pay the award issued by the Labor Management Committee.

However, plaintiff has not sufficiently established that defendants owe the alleged amounts of $872.64 and $508.29. Allegations relating to the amount of damages must be proven by the plaintiff. Everyday Learning Corp. v. Larson, 242 F.3d 815, 818 (8th Cir. 2001); see also Fed.R.Civ.P. 8(b)(6) (emphasis added) ("An allegation—*other than one relating to the amount of damages*—is admitted if a responsive pleading is required and the allegation is not denied."). A plaintiff can satisfy this requirement by submitting an affidavit of damages in support of the motion for default judgment. See e.g. CSX Transportation, Inc. v. Jeffco Leasing Company, Inc., Case No. 4:13-CV-849 (E.D. Mo. Sept. 6, 2013); Faith Satellite Radio, LLC v.

Lutheran Church Missouri Synod, Case No. 4:11-CV-73 (E.D. Mo. Feb. 12, 2013). The plaintiff here did not file an affidavit of damages. Furthermore, the award issued by the Labor Management Committee, which is attached to the complaint, does not state any specific dollar amounts. The award generally states that Mr. Crockett is entitled to three days of wages plus fringe benefits. [Doc. #1-1]. Thus, the Court is unable to enter a judgment of default in favor of plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for default judgment [Doc. #10] is **denied**.

**IT IS FURTHER ORDERED** that plaintiff shall have until **November 12, 2013** to submit an amended motion for default judgment. **If no amended motion is filed by this deadline, this action will be dismissed without further notice to plaintiff.**

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 29th day of October, 2013.