UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LOCAL 2, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL-CIO, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 4:13-CV-1299 (CEJ) ) |
| RESOURCE ELECTRICAL SYSTEMS, INC., et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's amended motion for default judgment against defendants Resource Electrical Systems, Inc. (RES) and Sherman Lydell McCoy d/b/a Resource Electrical Systems, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.

This action was filed on July 10, 2013. The summons and a copy of the complaint were served on defendant RES on July 15, 2013 and on defendant McCoy on July 22, 2013. Defendants failed to file an answer or responsive pleading. Upon plaintiff's motion, the Clerk of Court entered default against defendants on October 1, 2013. The plaintiff filed its motion for entry of default judgment on October 15, 2013. The Court denied the motion for failure to sufficiently establish that defendants owed the amounts that were alleged. The Court allowed plaintiff additional time to submit an amended motion for default judgment, which plaintiff timely filed on October 31, 2013.

Plaintiff, a labor organization, brings this action to enforce a March 28, 2013 arbitration award against RES, an electrical contractor, and its owner and director Mr. McCoy. The complaint alleges that all parties to this action are bound by a collective bargaining agreement that includes provisions regarding the payment of wages,

employee benefits, and a grievance-arbitration procedure. Plaintiff claims that on May 4, 2012, plaintiff filed a grievance against defendant RES for the benefit of a union employee, Terrell Crockett, alleging that RES "sent Mr. Crockett home and brought in an employee represented by another local union to do the work Mr. Crockett was doing contrary to an agreement on the project to work composite crews." [Doc. #1, ¶ 15]. The complaint alleges that the Labor Management Committee awarded Mr. Crockett three days of wages, in the amount of $872.64, and fringe benefits, in the amount of $508.29, which defendants have failed to pay.

Pursuant to Fed. R. Civ. P. 55, default judgment is appropriate when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise." By virtue of the default entered against it, defendant is deemed to have admitted all well-pleaded factual allegations in the complaint. See Taylor v. Ballwin, 859 F.2d 1330, 1333 (8th Cir. 1988). Thus, for the purposes of this action, it is established that defendants breached the collective bargaining agreement by failing to pay the award issued by the Labor Management Committee.

Furthermore, pursuant to the affidavit of damages submitted in support of the motion for default judgment, plaintiff has sufficiently established that the outstanding balance is $1380.93 ($872.64 in wages plus $508.29 in employee benefit contributions). See Pl. Ex. A, Affidavit of David Desmond; see also Everyday Learning Corp. v. Larson, 242 F.3d 815, 818 (8th Cir. 2001) (allegations relating to the amount of damages must be proven by the plaintiff). Therefore, plaintiff is entitled to a judgment of default in the sum of $1380.93.

Accordingly,

employee benefits, and a grievance-arbitration procedure. Plaintiff claims that on May 4, 2012, plaintiff filed a grievance against defendant RES for the benefit of a union employee, Terrell Crockett, alleging that RES "sent Mr. Crockett home and brought in an employee represented by another local union to do the work Mr. Crockett was doing contrary to an agreement on the project to work composite crews." [Doc. #1, ¶ 15]. The complaint alleges that the Labor Management Committee awarded Mr. Crockett three days of wages, in the amount of $872.64, and fringe benefits, in the amount of $508.29, which defendants have failed to pay.

Pursuant to Fed. R. Civ. P. 55, default judgment is appropriate when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise." By virtue of the default entered against it, defendant is deemed to have admitted all well-pleaded factual allegations in the complaint. See Taylor v. Ballwin, 859 F.2d 1330, 1333 (8th Cir. 1988). Thus, for the purposes of this action, it is established that defendants breached the collective bargaining agreement by failing to pay the award issued by the Labor Management Committee.

Furthermore, pursuant to the affidavit of damages submitted in support of the motion for default judgment, plaintiff has sufficiently established that the outstanding balance is $1380.93 ($872.64 in wages plus $508.29 in employee benefit contributions). See Pl. Ex. A, Affidavit of David Desmond; see also Everyday Learning Corp. v. Larson, 242 F.3d 815, 818 (8th Cir. 2001) (allegations relating to the amount of damages must be proven by the plaintiff). Therefore, plaintiff is entitled to a judgment of default in the sum of $1380.93.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's amended motion for default judgment [Doc. #13] is **granted**.

A separate judgment will be entered.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 13th day of November, 2013.